UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL S. GORBEY,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case Number: 1:15-cv-00644-RDP-JHE |
| | ) |
| **WARDEN TAYLOR,** | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

On October 15, 2015, the Magistrate Judge entered a Report and Recommendation, (Doc. 31), recommending Petitioner's various motions be denied and his petition for writ of habeas corpus be dismissed with prejudice. Petitioner has filed objections. (Doc. 32).

Petitioner's first two objections attack the Magistrate Judge's characterization of his evidence that he is being held past his maximum release date, and he argues this evidence "clearly changes [his] sentence." (*Id.* at 1-3). On February 6, 2014, the trial court resentenced Petitioner to 252 months imprisonment and five-years supervised release. (Doc. 11-1 at 2-4). Specifically, Petitioner was sentenced to 72 months for being a felon in possession of a firearm; 12 months for possessing an unregistered firearm (that sentence was to run concurrently with the felon in possession sentence); 12 months for unlawful possession of ammunition (that sentence was to run concurrently with the felon in possession sentence); 60 months for carrying a dangerous weapon outside (that sentence was to run consecutively to the felon in possession sentence); 120 months for attempted manufacture or possession of a weapon of mass destruction (that sentence was to run consecutively to the other sentences); and 60 months for possession of a destructive device (that sentence was to run concurrently with the weapon of mass destruction

sentence). (*Id.*). Any assertion that Petitioner is being held past his maximum release date is patently false. Petitioner's twenty-one-year sentence did not begin to run until 2008. (*Id.*). Despite Petitioner's arguments to the contrary, that sentence has not "changed." Accordingly, Petitioner is not suffering any prejudice from having to serve the term of his imprisonment to which he was sentenced and his objections are **OVERRULED**.

Petitioner's third objection relates to his argument that the BOP did not properly credit him for the time he served prior to being sentenced. (Doc. 32 at 3). As explained in the Magistrate Judge's Report and Recommendation, the BOP's calculation comports with the BOP's District of Columbia Computation Manual. This objection is **OVERRULED**.

Petitioner's remaining objections relate to his request for counsel, bond, bail, release, etc., and for recusal of the judges. (Doc. 32 at 4-6). These objections do not merit discussion here and are **OVERRULED**.

The court has considered the entire file in this action, together with the Report and Recommendation, and has reached an independent conclusion that the Report and Recommendation is due to be adopted and approved.

Accordingly, the court hereby **ADOPTS** and **APPROVES** the findings and recommendation of the Magistrate Judge as the findings and conclusions of this court. The petition for writ of habeas corpus is due to be dismissed. A separate Order will be entered.

This court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473,

484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This court finds Petitioner's claims do not satisfy either standard.

  **DONE** and **ORDERED** this November 3, 2015.

               _____
               **R. DAVID PROCTOR**
               UNITED STATES DISTRICT JUDGE